JAMES EDMONSON, plaintiff in error, *vs.* THE PRESIDENT, DIRECTORS AND COMPANY OF THE UNION BANK OF TENNESSEE, defendants in error.

1. The political *status* of the State of Tennessee, is not such as to render her citizens alien enemies to the people of Georgia, and her citizens are, and always have been, entitled to all the privileges of our own citizens; and among these is the right to sue in our Courts of justice.

Assumpsit on a promissory note. In Murray Superior Court. Tried at April Term, 1861. Before JOSEPH T. McCONNELL, an attorney at law, selected by the parties to try the case, the presiding Judge of said Court being disqualified to hear and determine the same, as he had been of counsel therein.

This was an action brought on the 12th day of September, 1854, in favor of the President, Directors and Company of

the Union Bank of Tennessee, against James Edmonson, to recover the sum due on a promissory note, endorsed by him, for one thousand dollars, principal.

The case was continued in Court from the time it was instituted, until the April Term, 1861, aforesaid, at which it was pending on the appeal.

When the case was called in its order, and the declaration was read to the jury, counsel for defendant moved to dismiss the action, on the ground that the plaintiff was a corporation, having a legal existence and residence in the State of Tennessee alone, the fact being admitted by the plaintiff's counsel, and that the United States, of which Tennessee was a component part, and the Confederate States, of which Georgia was a component part, were then in a state of hostility and actual war, a conflict of arms having taken place at Charleston, South Carolina, between the forces of the two governments; and also, on the further ground, that the authorities of the United States had refused to receive the commissioners sent by the Confederate States to treat with the United States in relation to the several matters in controversy between the two governments, and, therefore, said suit ought not, and could not, be maintained in the Courts of Georgia. No proof of these facts was offered, but defendant's counsel insisted that the Court should take judicial notice of them.

The presiding Judge overruled the motion to dismiss the case, and upon the trial a verdict and judgment were rendered against the defendant for the amount of the note sued on.

The refusal of the Court to dismiss the action, is the error complained of in the bill of exceptions.

J. W. H. UNDERWOOD and SHROPSHIRE, for plaintiff in error.

DABNEY and AKIN, *contra.*

*By the Court*—LUMPKIN, J., delivering the opinion.

The question in this case is, should a suit at the instance of a corporation of Tennessee, against a citizen of this State,

Edmonson *vs.* Union Bank of Tennessee.

have been dismissed, on the sixteenth day of April, 1861, on the ground that, at that time, actual hostilities existed between the Federal Government and the Confederate States, of which Georgia was a member? I will not stop to inquire whether the bombardment at Fort Sumter, and other facts which had transpired up to that date, showed the existence of such a war as, by the law of nations, would subject the citizens of the two countries to this recognized disability. But we utterly repudiate the idea that the State of Tennessee was, at that time, or at any other time, a party to any such war.

We must look to the peculiar organization of our Government, State and Federal. In Europe, the act of the government is the act of each and all of its subjects, and they must be held responsible. Not so, according to my theory, with our institutions. President Lincoln may wage an unnatural and unconstitutional war upon a portion of the States; but if Tennessee, Kentucky, or any other sovereign State, refuse, by men or money, to sanction his war, the citizens of these non-concurring States are not to be considered and treated as alien enemies, outlawed by our Courts. True, Tennessee refused, at first, to secede; but she had many difficulties, peculiar to her geographical situation, to encounter. But in a few short months, by an overwhelming popular vote, she linked her destiny with that of Georgia and other Confederate States. She is entitled to our warmest sympathy. She has never aided and abetted in this unholy war upon human rights, or given comfort to our enemies.

Our judgment, therefore, is, that her people are, and always have been, entitled to all the privileges of our own citizens, and among these, is that of suing in our Courts of justice.

Let the judgment be affirmed.